40112/01245/MHW/SJG

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN COLLINS,<br><br>      Plaintiff,<br>v.<br>SUSAN TUELL, PATRICIA DYER, JILL WHAL, and BESSIE DOMINGUEZ,<br><br>      Defendants. | Case Number 15-cv-50178<br><br>Judge Philip G. Reinhard<br><br>Magistrate Judge Iain D. Johnston |

## DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON FIRST AFFIRMATIVE DEFENSE – FAILURE TO DISCLOSE PRIOR LITIGATION

NOW COME the Defendants, SUSAN TUELL, N.P. (incorrectly sued as "DR. TUELL"), IRENE DYER, P.A. (incorrectly sued as "DR. DYER"), JILL WAHL, M.D., and BESSIE DOMINGUEZ, M.D., and move pursuant to Federal Rule of Civil Procedure 12(c) for Judgment on their First Affirmative Defense, Plaintiff's Failure to Disclose Prior Litigation, and in support thereof, state as follow:

### I. Introduction

1. On August 4, 2015, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that the Defendants acted with deliberate indifference to a serious medical condition, in violation of his Eighth Amendment Constitutional Rights. [ECF #1]. In particular, Plaintiff alleged constitutionally deficient medical care in the treatment (or lack thereof) of his hepatitis-C, a shoulder injury, and chronic foot pain. [*Id*.].

2. In Section IV of Plaintiff's *pro se* Complaint, Plaintiff was instructed to: "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois)." [ECF. #1] (emphasis in the original). Plaintiff then listed two actions pending before the Illinois Court of Claims, 15-cc-3807 and 15-

40112/01245/MHW/SJG

cc-2935. [ECF #1 at pp. 6–7]. Plaintiff did not list any other lawsuits in his Complaint. Plaintiff signed his Complaint under penalty of perjury. [*Id.* at p. 12].

3. On August 4, 2015, Plaintiff moved to proceed *in forma pauperis*. [ECF #3].

4. On September 9, 2015, this Court granted Plaintiff's motion to proceed *in forma pauperis*. [ECF #6]. Pursuant to its statutory duties under 28 U.S.C. § 1915A, the Court screened Plaintiff's Complaint and dismissed it for failing to comply with Federal Rule of Civil Procedure 10(b), but granted Plaintiff leave to file an Amended Complaint. [*Id.*].

5. On September 28, 2015, Plaintiff submitted an Amended Complaint. [ECF #8].

6. On September 30, 2015, pursuant to its statutory duties under 28 U.S.C. § 1915A, the Court screened Plaintiff's Amended Complaint and allowed it to proceed against the Defendants. [ECF #12].

7. In Section III of Plaintiff's Amended Complaint, Plaintiff was instructed to: "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state of federal court in the United States." [ECF #13 at p. 4] (emphasis in the original). Plaintiff again listed two actions pending before the Illinois Court of Claims, 15-cc-3807 and 15-cc-2935. [*Id.* at pp. 4–5]. Plaintiff did not list any other lawsuits. Plaintiff signed his Complaint under penalty of perjury. [*Id.* at p. 12].

8. After being served with a summons and complaint, the Defendants investigated Plaintiff's litigation history.

9. A search of ECF/PACER for the Central District of Illinois turned up an undisclosed lawsuit filed by Plaintiff against Willard O. Eleya, M.D, Michael Puisis, and Wexford Corp. [Exhibit 1]. The case is captioned *Collins v. Eleya*, 10-cv-2095-HAB (CDIL). <u>Plaintiff was the lead plaintiff in the lawsuit</u>.

10. Plaintiff's involvement in *Collins v. Eleya* is verified by reference to his Illinois Department of Corrections inmate number, K-96345. *Compare* [ECF #13, Sec. II, p. 2] and [Exhibit 1, p. 2].

11. *Collins v. Eleya* addresses similar factual issues as those pending in this lawsuit, namely, a violation of Plaintiff's Eighth Amendment Constitutional rights based on allegedly deficient treatment for his hepatitis-C condition. *See generally* [Exhibit 1].

12. A search of ECF/PACER for the Central District of Illinois also turned up an earlier undisclosed lawsuit filed by Plaintiff against Willard O. Eleya, M.D, Michael Puisis, and Wexford Corp. The case is captioned *Orr v. Elyea*, 08-cv-2232-HAB (CDIL). [Exhibit 2].

13. *Collins v. Eleya* was eventually consolidated with a similar action pending in the Central District of Illinois, *Orr v. Elyea*, 08-cv-2232-HAB (CDIL), wherein a Special Master was appointed to handle the resolution of inmate claims regarding their hepatitis-C treatment while in the custody of the Illinois Department of Corrections. *See Collins v. Eleya*, 10-cv-2095-HAB, Minute Entries of March 20, 2013 and March 21, 2013.

14. The Defendants previously moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) citing the foregoing deficiencies. [ECF #32].

15. Plaintiff then sought leave to file a Second Amended Complaint. [ECF #35]. Plaintiff filed a Second Amended Complaint on January 29, 2016. [ECF 344].

16. The Defendants have filed an Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint contemporaneously with the instant Rule 12(c) motion. The Defendants' First Affirmative Defense is directed towards Plaintiff's failure to disclose prior litigation that dealt with some of the medical treatment at issue in this case.

40112/01245/MHW/SJG

17. The Defendants now seek judgment on their First Affirmative Defense and move to dismiss the instant lawsuit for Plaintiff's failure to disclose *Orr v. Elyea*, 08-cv-2232-HAB (CDIL) and *Collins v. Eleya*, 10-cv-2095-HAB (CDIL) in either his Complaint or his Amended Complaint, despite signing his Complaint and Amended Complaint under penalty of perjury that he had listed all of his lawsuits.

18. The Defendants also request leave to pursue sanctions against Plaintiff in the form of attorney's costs and fees associated with researching, drafting, briefing, and arguing their prior Rule 12(b)(6) Motion to Dismiss [ECF #32] and the current Rule 12(c) Motion for Judgment on the Pleadings, as well as entering a strike against Plaintiff under 28 U.S.C. §1915(g).

## II.  Applicable Law

### A.  Rule 12(c) Motions for Judgment on the Pleadings

19. Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion may be submitted after the close of the pleadings to raise various defenses regarding procedural defects. *Alexander v. City of Chicago*, 994 F.3d 333, 335 (7th Cir. 1993). A motion for judgment on the pleadings is subject to the same standards as a Rule 12(b)(6) motion to dismiss. *Id; see also United States v. Wood*, 925 F.2d 1580. 1581 (7th Cir. 1991). All well-pleaded facts are taken as true and all inferences are drawn in favor of the plaintiff. *Dawson v. Gen. Motors Corp.*, 997 F.2d 369, 372 (7th Cir. 1992). "A motion for judgment on the pleadings may be granted only if the moving party clearly establishes that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law." *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1982).

B. Failure to Disclose Prior Lawsuits in *In Forma Pauperis* Complaints

20. The Court has a continuing duty under 28 U.S.C. § 1915(e)(2) to dismiss any frivolous or malicious claims in lawsuits filed *in forma pauperis*. ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.") (emphasis supplied); *see also Lasley v. Welborn*, 192 F. App'x. 541 (7th. Cir. 2006) (finding that "§ 1915(e)(2) authorized the action taken by the district court" to screen suit eighteen months after filing and dismiss for failure to state a claim); *Holly v. Wexford Health Services, Inc.*, 339 F. App'x. 633, 636 (7th Cir. 2009) (court confronted with basis to dismiss under § 1915(e)(2) "need not wait for a motion to dismiss and can apply [§ 1915(e)(2)] sua sponte"); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (because the conditions of § 1915(e)(2) were satisfied, "the suit had to be dismissed; the judge had no choice").

21. "There is a long line of cases holding that if a plaintiff makes false statements to the court in the application to proceed *in forma pauperis* or falsely denies the existence of prior civil actions, such a case can be dismissed as malicious." *Okechukwu Uduko v. Cozzens,* 2012 U.S. Dist. LEXIS 164998 at fn. 2 (E.D. Mich. Sept. 21, 2011), citing *Lee v. Toney*, 2011 U.S. Dist. LEXIS 105397, 2011 WL 4026645 (S.D. Ala. 2011); *Freeman v. Voorheis*, 2011 U.S. Dist. LEXIS 21345, 2011 WL 826802, at *3 (S.D. Ohio 2011) (finding that the "[p]laintiff's false statements in his applications to proceed *in forma pauperis* provide an additional basis for dismissal of this litigation as 'malicious' under 28 U.S.C. § 1915(e)(2)(B)(i)"); *Horton v. Thomas*, 1996 U.S. Dist. LEXIS 1608, 1996 WL68013, at *2 (N.D. Ill. 1996) (the court opined,

in dismissing the inmate's action as malicious for his denial of prior actions and attempt to re-litigate prior claims, that "[a]n indigent who boldly lies to a judge to gain entry to the courts cannot expect to reap the advantages of cost-free filing no matter what the merits of his suit"); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the district court's counting as a strike an action where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit . . . . and finding that [a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)"), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007); *see also Blacker v. Satterthwaite*, 2011 U.S. Dist. LEXIS 145720, 2011 WL 6338851 (S.D. Ohio 2011) (Plaintiff required to identify full litigation history in any complaint or appeal and the failure to do so would likely result in dismissal and further sanctions), citing *Walton v. Fairman*, 1993 U.S. Dist. LEXIS 4157, 1993 WL 96427 at *4 (N.D. Ill. 1993) (dismissing plaintiff for attempting to deceive the court regarding prior litigation history). *See also Garland v. O'Grady,* 1988 U.S. Dist. LEXIS 12370, 1988 WL 118879 at *2-3 (N.D. Ill., Nov. 3, 1988) (by failing to list prior lawsuits, inmate "perjured himself"); *see also, generally Warren v. Guelker,* 29 F.3d 1386, 1390 (9th Cir. 1994) (Rule 11 applies to false statements by prisoner regarding litigation history); *Horsey v. Asher,* 741 F.2d 209, 212 (8th Cir. 1984) (complaint is malicious if Plaintiff makes false statements with intent to deceive the court).

### III.   Argument

A. Plaintiff's Complaint Is Perjured and Should Be Dismissed as Malicious

22.   Pursuant to its continuing duty under 28 U.S.C. § 1915(e)(2), this Court should dismiss Plaintiff's Amended Complaint with prejudice as a malicious pleading, for providing

40112/01245/MHW/SJG

false information to the Court about the existence of Plaintiff's other lawsuits, *Orr v. Elyea*, 08-cv-2232-HAB (CDIL) and *Collins v. Eleya*, 10-cv-2095-HAB (CDIL). Plaintiff failed to disclose these lawsuits in either his Complaint or his Amended Complaint, which is a material defect in his pleadings. The Defendants raised these defects as their First Affirmative Defense in their Answer to Plaintiff's Second Amended Complaint.

23. Even more concerning is the fact that *Orr v. Elyea*, *Collins v. Eleya* and the case *sub judice* all contain very similar factual and legal issues that the Court reviewed *twice* in its Section 1915A Orders—namely, whether the treatment (or lack thereof) for Plaintiff's hepatitis-C amounts to a violation of his Eighth Amendment Constitutional rights.

24. Moreover, the relevant sections in the Complaint and the Amended Complaint both state, in very explicit terms, that Plaintiff had to disclose <u>all</u> lawsuits he was involved with. The form Plaintiff used for his Complaint even mentioned disclosing cases in the Central and Southern Districts of Illinois. Plaintiff did not do so. There are no material facts to dispute here—Plaintiff failed to disclose prior litigation involving medical issues that were at issue in this case.

25. Plaintiff was granted leave to proceed *in forma pauperis* and then perjured himself to conceal the existence of <u>two</u> similar lawsuits as the one pending before the Court. This amounts to malicious behavior under 28 U.S.C. § 1915(e)(2), requiring the Court to dismiss this matter with prejudice. *Walton v. Fairman*, 1993 U.S. Dist. LEXIS 4157, 1993 WL 96427 at *4 (N.D. Ill. 1993) (dismissing plaintiff for attempting to deceive the court regarding prior litigation history). *See also Garland v. O'Grady,* 1988 U.S. Dist. LEXIS 12370, 1988 WL 118879 at *2–3 (N.D. Ill., Nov. 3, 1988) (by failing to list prior lawsuits, inmate "perjured

7

himself"). Therefore, this lawsuit should be dismissed as malicious and frivolous under 28 U.S.C. § 1915(e)(2),

B. <u>Defendants Should Be Allowed to Seek to Sanctions</u>

26. In light of the foregoing, the Defendants should be allowed leave to seek sanctions against Plaintiff under Rule 11. Plaintiff, even though he initially appeared *pro se*, was not exempt from the requirements of Federal Rule of Civil Procedure 11. Plaintiff's perjury is grounds enough under Rule 11 to dismiss this action as frivolous and malicious. Moreover, Plaintiff's perjured Complaint and perjured Amended Complaint precluded the possible dismissal of this action at screening under 28 U.S.C. § 1915A. As a result thereof, the Defendants incurred substantial costs and fees to investigate Plaintiff's litigation background and draft the instant motion for judgment on the pleadings and a previous motion to dismiss. *See* [ECF #35]. Pursuant to Federal Rule of Civil Procedure 11, Plaintiff should be made to bear the costs and fees the Defendants have incurred in connection with bringing Plaintiff's failure to disclose prior litigation to light.

C. <u>Dismissal of this Lawsuit Should Count as a Strike</u>

27. Finally, should the Court dismiss Plaintiff's lawsuit as malicious or frivolous, this Court should deem that dismissal counts as a "strike" under the Prison Litigation Reform Act, 28 U.S.C. §1915(g).

WHEREFORE, the Defendants, SUSAN TUELL, P.A., BESSIE DOMINGUEZ, M.D., JILL WAHL, M.D., and IRENE DYER, P.A., respectfully request that this Honorable Court enter an Order: (1) granting the instant Rule 12(c) Motion for Judgment on the Pleadings; (2) dismissing Plaintiff's cause of action with prejudice; (3) granting the Defendants leave to seek

sanctions for fees and costs incurred with investigating, preparing, and presenting the instant Rule 12(c) Motion for Judgment on the Pleadings and previous Motion to Dismiss [ECF #35]; (4) counting dismissal of this action as a "strike" under 28 U.S.C. §1915(g); and (5) for any other relief deemed equitable and just.

        Respectfully submitted,

        CASSIDAY SCHADE LLP

        By: s/ Stephen J. Gorski

        One of the Attorneys for Defendants SUSAN TUELL, N.P., BESSIE DOMINGUEZ, M.D., JILL WAHL, M.D., and IRENE DYER, P.A.

Matthew H. Weller
Stephen J. Gorski
CASSIDAY SCHADE LLP
120 W. State Street – Suite 401
Rockford, IL 61101
(815) 962-8301
(815) 962-8401 – Fax
mweller@cassiday.com
sgorski@cassiday.com

40112/01245/MHW/SJG

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 9, 2016 I filed a copy of the foregoing with the Clerk of the Court for the Northern District of Illinois and a true and accurate copy of the foregoing was served on all counsel of record via ECF/PACER.


Dated: <u>March 9, 2016</u>                     By: <u>s/Stephen J. Gorski</u>

Matthew H. Weller
Stephen J. Gorski
CASSIDAY SCHADE LLP
120 West State Street, Suite 401
Rockford, IL 61101
(815) 964-8130
(815) 962-8401 – fax
mweller@cassiday.com
sgorski@cassiday.com